# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

JAMES EDWARD POOLE,

    Petitioner,

vs.

UNITED STATES OF AMERICA

    Respondent.

No. C15-3134-MWB
No. CR13-3003-MWB

**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS**

_____

## TABLE OF CONTENTS

*I.*     *INTRODUCTION AND BACKGROUND* ............................................................ *2*
     *A.*     *Criminal Case Proceedings* ............................................................................ *2*
     *B.*     *The Petitioner's 2255 Motion* ....................................................................... *3*

*II.*    *LEGAL ANALYSIS* ................................................................................................. *3*
     *A.*     *Standards For § 2255 Relief* ......................................................................... *3*
     *B.*     *Standards For Motions To Dismiss* ............................................................. *5*
     *C.*     *Timeliness Of § 2255 Motion* ....................................................................... *6*
     *D.*     *Retroactive Application of Rodriguez* ......................................................... *7*
     *E.*     *Equitable Tolling Doctrine* ......................................................................... *10*
     *F.*     *Certificate of Appealability* ........................................................................ *14*

*III.*  *CONCLUSION* ..................................................................................................... *15*

## I. INTRODUCTION AND BACKGROUND

This case is before me on respondent's Motion to Dismiss petitioner James Edward Poole's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (civ. docket no. 6), in which the respondent seeks dismissal of Poole's § 2255 motion as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Poole resists respondent's motion. He contends that his § 2255 motion is timely because he is entitled to relief under the United States Supreme Court's decision in *Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015), in which the Supreme Court held that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." Poole argues that *Rodriguez* is retroactive because it announced a new substantive rule of constitutional law. Poole alternatively contends that the statute of limitations on his § 2255 motion should be equitably tolled, owing to the death of his wife, which prevented him from timely filing his § 2255 motion.

### A. Criminal Case Proceedings

On January 13, 2013, an Indictment was returned against Poole, charging him with conspiracy to distribute 500 grams or more of a substance or mixture containing methamphetamine which contained 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count 1), possessing with intent to distribute 50 grams or more of a substance or mixture containing methamphetamine which contained 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3).

On August 13, 2013, Poole entered guilty pleas to Counts 1 and 3 of the Indictment. On January 30, 2014, I sentenced Poole to a total of 126 months' incarceration. Judgment

was entered accordingly on January 31, 2014. Poole did not appeal his conviction or sentence.

### B. *The Petitioner's 2255 Motion*

On July 30, 2015, Poole filed his Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (civ. docket no. 1). In his § 2255 motion, Poole alleges that (1) a search of his automobile during a traffic stop violated his Fourth Amendment rights pursuant to *Rodriguez* because the traffic stop was unlawfully prolonged, without reasonable suspicion of criminal activity, in order to conduct a dog sniff of his automobile, and (2) his trial counsel provided ineffective assistance, in violation of the Sixth Amendment, by failing to present an expert witness concerning the cause of marks on his wife's arm. Respondent argues that Poole's § 2255 motion should be dismissed as untimely.

## II. LEGAL ANALYSIS
### A. *Standards For § 2255 Relief*

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *see Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by

3

law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal Habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

One "well established principle" of § 2255 law is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)); *Bear Stops*, 339 F.3d at 780. One exception to that principle arises when there is a "miscarriage of justice," although the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. *Wiley*, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)). Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in Habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

"Cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the *Strickland* test, discussed below. *Theus*,

4

611 F.3d at 449. Indeed, *Strickland* claims are not procedurally defaulted when brought for the first time pursuant to § 2255, because of the advantages of that form of proceeding for hearing such claims. *Massaro v. United States*, 538 U.S. 500 (2003). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The "actual innocence" that may overcome either procedural default or allow relitigation of a claim that was raised and rejected on direct appeal is a demonstration "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (quoting *Bousley*, 523 U.S. at 623); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the challenged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

### B. Standards For Motions To Dismiss

Section 2255 proceedings are civil in nature and, therefore, governed by the Federal Rules of Civil Procedure, *see, e.g., Mandacina v. United States*, 328 F.3d 995, 1000 & n.3 (8th Cir. 2003), including Rule 12(b), which provides for a pre-answer motion to dismiss on various grounds. Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under the *Twom-bal* standard, various federal Circuit Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an

5

"indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L. C. v. Mortgage Electronic Registration Sys., Inc.,* 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based).

On the respondent's Motion To Dismiss pursuant to Rule 12(b)(6), I may consider the docket in the underlying criminal case, from which Poole seeks § 2255 relief, because it is "'incorporated by reference or integral to [his] claim,'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)), and because it is "'necessarily embraced by the pleadings.'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003)).

### C.     *Timeliness Of § 2255 Motion*

Motions brought pursuant to § 2255 are subject to a one-year statute of limitations that runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

6

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Poole's limitations period began to run on February 15, 2014, the day after expiration of the time in which Poole could file a notice of appeal. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (noting that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." ); *accord United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *United States v. Schwartz*, 274 F.3d 1220, 1223 & n .1 (9th Cir. 2001); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Poole, however, filed his § 2255 motion on July 30, 2015, approximately five and one-half months after the statute of limitations on his § 2255 action expired.

### D. *Retroactive Application of Rodriguez*

Poole contends that his § 2255 motion is timely because the United States Supreme Court's decision in *Rodriguez* should be applied retroactively to him. The respondent counters that *Rodriguez* did not announce a "new rule" of substantive criminal law but, instead, one of criminal procedure and, therefore, should not be applied retroactively. In *Rodriguez*, the Court addressed the question of "whether the Fourth Amendment tolerates a dog sniff conducted after completion of a traffic stop," and held that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." *Id*. at 1612.

7

When a Supreme Court decision announces a new constitutional rule, this rule applies to all criminal cases pending on direct review, but applies to convictions that are already final only in limited circumstances. *See Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). In deciding retroactivity issues under § 2255(f)(3), a court must first determine whether the Supreme Court decision in question announced a "new rule." *Teague v. Lane*, 489 U.S. 288, 300–01 (1989). If a court determines that a Supreme Court decision announces a new constitutional rule, it must then determine whether that new rule satisfies an exception to the general prohibition against the retroactive application of new rules to cases on collateral review. *See Id*. at 305–10. New substantive rules generally apply retroactively, while new rules of criminal procedure generally do not. *See Schriro*, 542 U.S. at 351–52. If the *Rodriguez* decision is retroactively applicable to cases on collateral review, Poole would have had until April 21, 2016, to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(3).

In *Teague*, and subsequent cases, the United States Supreme Court devised a three-prong test for determining whether a right applies retroactively:

> First, the court must determine when the defendant's conviction became final. Second, it must ascertain the legal landscape as it then existed and ask whether the Constitution, as interpreted by the precedent then existing, compels the rule. That is, the court must decide whether the rule is actually "new." Finally, if the rule is new, the court must consider whether it falls within either of the two exceptions to nonretroactivity.

*Beard v. Banks*, 542 U.S. 406, 411 (2004) (internal citations and quotation marks omitted); *see United States v. Chang Hong*, 671 F .3d 1147, 1150 (10th Cir. 2011); *Lloyd v. United States*, 407 F.3d 608, 614 (3d Cir. 2005). A new rule will apply retroactively to a final conviction only under very limited circumstances. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). The two exceptions to the *Teague* retroactivity rule are: "(1) the rule is substantive, or (2) the rule is a watershed rule of criminal procedure implicating the

fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007); *see Beard*, 542 U.S. at 416–17; *Caspari v. Bohlen,* 510 U.S. 383, 389 (1994); *Saffle v. Parks*, 494 U.S. 484, 495 (1990). "A substantive rule is one that alters the range of conduct or the class of persons that the law punishes," and "a procedural rule regulates only the manner of determining the defendant's culpability." *Schriro*, 542 U.S. at 353.

The first prong requires that I determine whether Poole's conviction was final before the Supreme Court's decision in *Rodriguez*. Here, Poole's conviction became final on February 15, 2014, the day after expiration of the time in which he could file a notice of appeal. Therefore, Poole's conviction became final before the Supreme Court issued its decision in *Rodriguez* on April 21, 2015.

The second prong asks whether *Rodriguez* represents a "new rule of constitutional law." *See Danforth v. Crist*, 624 F.3d 915, 919 (8th Cir. 2010). I need not conduct this analysis, because even if *Rodriguez* represents a new rule, it does not fall within one of the two narrow exceptions to the retroactivity bar outlined in *Teague*. The rule announced in *Rodriguez* is procedural and not substantive, because it regulates the manner in which law enforcement may conduct vehicle searches during a traffic stop. *Cf. Sanders v. Dowling*, 594 Fed. App'x 501, 503 (10th Cir. 2014) (holding that rule announced in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), was "procedural, not substantive. It regulates only the manner in which law enforcement can perform nonconsensual blood testing during drunk-driving investigations consistent with the Fourth Amendment."). Therefore, only the "watershed" exception remains. That exception requires that the newly announced rule "(1) must be necessary to prevent an impermissibly large risk of an inaccurate conviction, and (2) must alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Whorton*, 549 U.S. at 418. Poole does not satisfy the first requirement and, therefore, this exception also does not apply. An impermissibly large risk of an inaccurate conviction for drug trafficking does not arise from law enforcement

9

obtaining information about the contents of a vehicle during a traffic stop that exceeds the time needed to handle the matter for which the traffic stop was made. *Cf. Sanders*, 594 Fed. App'x at 503 ("The opinion nowhere implies that the nonconsensual drawing of a suspect's blood during a drunk-driving investigation might create even a slight risk of an inaccurate conviction, and we fail to see how such a risk could arise."). Accordingly, *Rodriguez* does not fall within either of the two exceptions to the retroactivity bar. Therefore, I conclude that the *Rodriguez* decision is not retroactive.

### E. Equitable Tolling Doctrine

Alternatively, Poole argues that he is entitled to "equitable tolling" of the statute of limitations for § 2255 motions due to the death of his wife.[1] The Eighth Circuit Court of Appeals summarized the context and requirements for "equitable tolling," as follows:

> We begin by noting the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005)

---

[1]Specifically, Poole alleges that his wife's death placed a "dark cloud upon him," after which, "he did not wish to proceed with anything from a legal standpoint." Motion at 4 (civ. docket no. 1).

10

> (applying same rule to section 2255 motions). We review this
> claim de novo. *See Martin*, 408 F.3d at 1093.

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). I will consider the two prongs of Poole's equitable tolling claim in turn. I will begin with the "diligence" prong.

Respondent disputes Poole's "diligence" in pursuing his § 2255 Motion. *See Muhammad*, 735 F.3d at 815 (identifying the two prongs of an "equitable tolling" claim as "extraordinary circumstances" and "diligence"). As the Eighth Circuit Court of Appeals has explained,

> "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" *Holland*, 130 S. Ct. at 2565 (internal citations and quotation marks omitted). In *Holland*, the Supreme Court decided the habeas petitioner had acted with reasonable diligence when he wrote his attorney numerous letters requesting information and providing direction; repeatedly contacted state courts, state court clerks, and the state bar association in an attempt to have his attorney removed from the case; and prepared his own habeas petition and filed it on the very day he discovered he was out of time. *Id*.
>
> This court has found a section 2255 movant demonstrated diligence when he hired counsel well ahead of the deadline, "did everything in [his] power to stay abreast of the status of his case," provided original documents to his attorney to assist with the motion, filed a complaint with the extension of time and the return of documents submitted to the attorney. *Martin*, 408 F.3d at 1095.

*Muhammad*, 735 F.3d at 816-17

Diligence requires that a petitioner actually do something. As discussed, above, Poole's conviction became final on February 14, 2014. Poole filed a motion requesting

11

permission to attend his wife's funeral on October 23, 2014.[2]  Poole does not state any reason that he was prevented from preparing and filing his § 2255 motion during the almost ten months between his conviction and his wife's death.  Indeed, Poole does not even allege that he had started work on his § 2255 motion during this period.  Accordingly, Poole has not demonstrated that he did anything that would constitute diligence.

Additionally, Poole has not demonstrated extraordinary circumstances that prevented him from timely filing his § 2255 motion.  In the § 2255 context, equitable tolling is appropriate only when extraordinary circumstances beyond a petitioner's control make it impossible to file a § 2255 motion on time.  *See Jihad v. Hvass*, 267 F.3d 803, 805–06 (8th Cir. 2001) (holding equitable tolling is proper only when extraordinary circumstances beyond the petitioner's control make it impossible to file petition on time); *see also Earl v. Fabian*, 556 F.3d 717, 723 (8th Cir. 2009) (same); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (same); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (same).  "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005); *accord Jihad*, 267 F.3d at 805 ("[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief.").

Here, Poole, while seeking equitable tolling as a result of his wife's death, has failed to provide any specific allegation of fact that would support a finding of equitable tolling in this situation.  Poole's wife's death, without more, is insufficient to support a finding that extraordinary circumstances beyond Poole's control prevented him from timely filing his § 2255 motion.  Poole could have drafted and filed his § 2255 motion at any time during the almost ten month period between his conviction becoming final and his wife's death.

---

[2] Poole does not state when his wife died in an automobile accident and that date does not appear in the record.  Absent any information to the contrary, I will assume, for the purposes of ruling on Poole's § 2255 motion, that his wife died close to the date Poole filed his motion to attend her funeral.

12

Moreover, he had two months after his wife's death, but before the statute of limitations ran, to timely file his § 2255 motion. There must be some causal connection between the passing of Poole's wife and Poole's inability to timely file his § 2255 motion. As the petitioner, it is Poole's burden to show equitable tolling is appropriate. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner asserting a right to equitable tolling bears the burden of establishing both elements of the doctrine); *see also Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005) (Petitioner not entitled to equitable tolling when he "cannot establish a causal connection between his alleged mental incapacity and his ability to file a timely petition."). No doubt Poole felt, as would any individual, a deep sadness at his wife's death. However, in Poole's scant factual allegations, he does not assert that he was suffering from anything akin to mental incompetency that was the "but for" cause of his late filing. *See Modrowski v. Mote*, 322 F.3d 965, 967–68 (7th Cir. 2003) (holding that equitable tolling not warranted by death of attorney's father); *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000) (same); *McDonald v. Director*, No. C 08-5488RMW, 2009 WL 4756576, at *5 (N.D. CA Dec. 8, 2009) (holding that "[b]ecause [petitioner] does not demonstrate a sufficient causal connection between her parents' deaths, and her failure to file a timely petition, she is not entitled to equitable tolling on this claim."); *Rosati v. Kernan*, 417 F. Supp.2d 1128, 1133 (C.D. CA 2006) (concluding that "petitioner's claim that 'his mother . . . died on December 13, 2003, which left him depressed for a few weeks[,]' . . . does not explain why the pending petition was filed more than a year late and, thus, provides no basis for equitable tolling."). Though I sympathize with Poole, who suffered the tragic loss of his wife during the period he had to file his § 2255 motion, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 449 F.3d 1005, 1010 (7th Cir. 2000); *accord United States v. Aguirre*, 592 F.3d 1043, (9th Cir. 2010) ("the threshold necessary to trigger equitable tolling . . . is very high.") (internal quotation marks

omitted) (quoting *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same).

Thus, I conclude that Poole is not entitled to equitable tolling because he did not exercise diligence and because there were no extraordinary circumstances, beyond his control, that made it impossible for him to file his § 2255 motion in a timely manner. Poole's § 2255 motion, therefore, is dismissed as untimely.

### F. Certificate of Appealability

Poole must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Poole's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Poole's claims, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Poole wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United

States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

### *III.* *CONCLUSION*

For the reasons discussed, above, respondent's Motion to Dismiss is granted and Poole's motion under 28 U.S.C. § 2255 is denied in its entirety. This case is dismissed. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 30th day of June, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA